UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATTY HOPSON,<br><br>    Plaintiff,<br><br>    v.<br><br>CARPENTERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>    Defendant. | Case Nos.  3:13-cv-04723-JST<br>               3:14-cv-02088-JST<br>               3:14-cv-02559-JST<br><br>**ORDER CONSOLIDATING CASES** |

Before the court are three three related cases, all brought by Plaintiff Patty Hopson ("Plaintiff"). In all of them, Plaintiff is suing either the Carpenters Pension Trust Fund for Northern California ("Pension Trust"), or an an employee of the Pension Trust, for denying her disability benefits she claims the Pension Trust owes her.

This court ordered Plaintiff to file a case management statement no later than June 18 stating whether she would oppose consolidation of the first two cases. ECF No. 35 in Case No. 13-cv-4723. Plaintiff failed to file any statement indicating her position on consolidation. The Pension Trust supports consolidation. ECF No. 38 in Case No. 13-cv-4723.

"When actions involving a common question of law or fact are pending before the court, it . . . may order all the actions consolidated." Fed. R. Civ. Pro. 42(a). The "district court has broad discretion under this rule to consolidate cases pending in the same district." Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of California, 877 F.2d 777, 777 (9th Cir. 1989). "In determining whether or not to consolidate cases, the Court should 'weigh the interest of judicial convenience against the potential for delay, confusion and prejudice.'" Zhu v. UCBH Holdings, Inc., 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010) (quoting Southwest Marine, Inc. v. Triple A Machine Shop, Inc., 720 F. Supp. 805, 806–807 (N.D. Cal. 1989)).

From the operative complaints, it appears that all three actions involve common questions

1  of law and fact.  Plaintiff has declined to make the court aware of any delay, confusion or
2  prejudice that might result from consolidation, and since the court has yet to even set a schedule in
3  any of the cases, no such risks are apparent.
4      The court hereby CONSOLIDATES the three above-captioned cases.  The first-filed case,
5  No. 13-cv-4723, shall serve as the lead case.  The Clerk shall only file future submissions in that
6  case.  The other two cases are ADMINISTRATIVELY CLOSED, and any pending dates,
7  deadlines and case schedules in those cases are VACATED.
8      **IT IS SO ORDERED.**
9  Dated:  June 23, 2014

                                                    JON S. TIGAR
                                       United States District Judge